## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Dorothy Gail Glasper,

        Plaintiff,

v.

Equifax Information Services, LLC;
Experian Information Solutions, Inc.; and
Designed Receivable Solutions, Inc.

        Defendants.

Case No.:

**COMPLAINT WITH JURY TRIAL DEMAND**

## PRELIMINARY STATEMENT

This action for damages is based on Defendants' false reporting on Plaintiff's credit file and/or consumer reports, and failures to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiff, and failures to conduct reasonable reinvestigations with respect to such information.

## PARTIES

1.    Plaintiff, Dorothy Gail Glasper, is natural person who resides in Barrow County, Georgia.

2.    Plaintiff is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

3.    Plaintiff is allegedly obligated to pay a debt and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant, Designed Receivable Solutions, Inc. (hereinafter "Designed Receivable") does business in Georgia.

5.    Defendant Designed Receivable does not maintain a place of business in Georgia and has no assets in Georgia.

6.    Defendant Designed Receivable regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about Plaintiff's transactions and is therefore a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

7.    Defendant Designed Receivable uses interstate commerce or mail in business the principal purpose of which is the collection of any debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8.    Defendant Equifax information Services, LLC (hereinafter "Equifax") is a credit bureau doing business in Georgia.

9.    Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is a credit bureau doing business in Georgia.

11. Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## JURISDICTION AND VENUE

12. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction for state law claims arises under 28 U.S.C. § 1367.

13. Venue is proper in this Court because a substantial part of the claim arose in Georgia, and all Defendants "reside" in Georgia, as that term is used in 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

14. On July 28, 2014, the Plaintiff filed a bankruptcy petition in the Northern District of Georgia, case number 14-21765.

15. Among the debts scheduled in Plaintiff's bankruptcy case are two claims being collected by Defendant Designed Receivable.

3

16.  Defendant Designed Receivable was served with Notice of the Plaintiff's Bankruptcy case and its inclusion as a creditor by the Bankruptcy Court Noticing Service on July 31, 2014. A true and correct copy of this Notice and Proof of Service is attached hereto as Exhibit A.

17.  The alleged debts being collected by Defendant Designed Receivable were primarily for personal, family or household purposes and was therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.  On or about November 30, 2015, Plaintiff obtained a copy of her consumer report as published by Equifax.

19.  That report contained erroneous information as provided by Designed Receivable and published and reported by Equifax. Specifically, the Defendants reported and published that the two accounts being collected by Defendant Designed Receivable and included in Plaintiff's bankruptcy case were, in fact, in active collection. Neither Defendant Designed Receivable nor Defendant Equifax reported that these alleged debts were included in Plaintiff's bankruptcy case and not subject to collection outside of that case.

20.  The information described and reported by Equifax and Designed Receivable was both false and misleading.

21.  In letters dated January 28, 2016, Plaintiff disputed the inaccurate and misleading information directly to both Defendant Equifax and Defendant

4

Designed Receivable and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading.  See, "Exhibit B" attached.

22.  Upon notification of the bankruptcy filing and its inclusion within that case, and again upon receipt of the Plaintiff's dispute, Defendant Designed Receivable had an affirmative duty to update its reporting to any applicable credit reporting agencies in accordance with 15 U.S.C. § 1681s-2(a).

23.  Upon information and belief, Defendant, in addition to Plaintiff's direct notice to Defendant Designed Receivable, Equifax timely notified Defendant Designed Receivable of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

24.  In a document dated February 23, 2016, Defendant Equifax advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings.  Defendant Equifax provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter.  A true and correct copy of the relevant portions of this document is attached as "Exhibit C."

25.  There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Defendants.

26.  On or about November 30, 2015, Plaintiff obtained a copy of her consumer report as published by Experian.

27.   That report contained erroneous information as provided by Designed Receivable and published and reported by Experian. Specifically, the Defendants reported and published that the two accounts being collected by Defendant Designed Receivable and included in Plaintiff's bankruptcy case were, in fact, in active collection. Neither Defendant Designed Receivable nor Defendant Experian reported that these alleged debts were in fact included in Plaintiff's bankruptcy case and not subject to collection outside of that case.

28.   The information described and reported by Experian and Designed Receivable was both false and misleading.

29.   In letters dated January 28, 2016, Plaintiff disputed the inaccurate and misleading information directly to both Defendant Experian and Defendant Designed Receivable and advised both Defendants of the specific facts that rendered the reporting inaccurate and misleading. A copy of Plaintiff's dispute is attached as "Exhibit D."

30.   Upon information and belief, Defendant, in addition to receiving Plaintiff's direct notice to Defendant Designed Receivable, Experian timely notified Defendant Designed Receivable of the Plaintiff's dispute, as required by 11 U.S.C. § 1681i.

31. In a document dated February 23, 2016, Defendant Experian advised Plaintiff that it had researched Plaintiff's dispute and that the revised report reflected its findings. Defendant Experian provided a copy of the tradeline as reported that reproduced the errors identified by the Plaintiff in her original dispute letter. A true and correct copy of the relevant portions of this document is attached as "Exhibit E."

32. There is no indication in the tradeline of the "verified" report that the Plaintiff has disputed the information reported and published by Defendants.

33. Defendant Equifax was required to communicate the specifics of Plaintiff's dispute to Defendant Designed Receivable. Likewise, Defendant Designed Receivable had a duty to investigate the dispute and accurately report its findings to Defendant Equifax.

34. Defendant Experian was required to communicate the specifics of Plaintiff's dispute to Defendant Designed Receivable. Likewise, Defendant Designed Receivable had a duty to investigate the dispute and accurately report its findings to Defendant Experian.

35. Designed Receivable is responsible for providing accurate information whenever they furnish information to any consumer reporting agency.

36. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

37. Experian is responsible for following reasonable procedures to assure maximum possible accuracy of information whenever they prepare consumer reports.

38. Equifax had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant Designed Receivable.

39. Experian had an affirmative duty to independently investigate the dispute submitted by Plaintiff and to accurately report the tradeline information notwithstanding the information it received from Defendant Designed Receivable.

40. Each and all of the Defendants, independently and jointly, breached their duties as described above.

41. Due to Defendants' respective failures to follow reasonable procedures to assure maximum possible accuracy of information, and failures to conduct reasonable reinvestigations of Plaintiff's disputes, the information in Plaintiff's credit file and the indication on Plaintiff's consumer reports that

the two accounts being collected by Defendant Designed Receivable and included in Plaintiff's bankruptcy case were, in fact, in active collection. Neither Defendant Designed Receivable nor Defendant Experian reported that these alleged debts were in fact included in Plaintiff's bankruptcy case and not subject to collection outside of that case was not appropriately deleted, modified, or marked as disputed.

42.    Defendants' failure to correct or, at minimum, to mark the alleged debt as disputed in the face of clear evidence of a discharge indicates that their review procedures were not reasonable.

43.    That failure further indicates that Defendants recklessly disregarded the Plaintiff's dispute and the requirements of the FCRA, amounting to a willful violation of the statute.

44.    As a result of Defendants' willful actions and omissions, Plaintiff is eligible for statutory damages.

45.    Also as a result of Defendants' actions and omissions, Plaintiff has suffered actual damages.  Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress.

46.    Designed Receivable's reporting of the debt to one or more credit bureaus was an attempt to collect the debt.

47.    Defendant Designed Receivable provided the false and misleading information to Equifax in furtherance of its efforts to collect the debt.

48.    Defendant Designed Receivable provided the false and misleading information to Experian in furtherance of its efforts to collect the debt.

49.    Defendant Designed Receivable's conduct and deliberate and intentional failure to fulfill its obligations under Federal law was both deceptive and unfair.

50.    Defendant Designed Receivable's conduct has potential ramifications for the consuming public of Georgia as a whole.

## TRIAL BY JURY

51.    Plaintiff is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681e(b) and 1681i
### (Equifax Information Services, LLC)

52.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

53.    Defendant Equifax willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the

maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

54. Defendant Equifax willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, or to mark the debt as disputed, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

55. As a result of Defendant Equifax violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

56. Defendant Equifax's actions and omissions were willful, rendering Equifax liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

57.   Plaintiff is entitled to recover costs and attorney's fees from Defendant Equifax pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. §§ 1681e(b) and 1681i**
**(Experian Information Solutions, Inc.)**

58.   Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

59.   Defendant Experian willfully or, in the alternative negligently, violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of information concerning Plaintiff in Plaintiff's consumer reports, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

60.   Defendant Experian willfully, or in the alternative negligently, violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Plaintiff's dispute(s) and by failing thereafter to appropriately delete or modify information in Plaintiff's file and on Plaintiff's consumer report, or to mark the debt as disputed, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

61.     As a result of Defendant Experian violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

62.     Defendant Experian's actions and omissions were willful, rendering Experian liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

63.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Experian pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681s-2(b) (Designed Receivable Solutions, Inc.)

64.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65.     Defendant Designed Receivable willfully, or in the alternative negligently, violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from Plaintiff and from one or more consumer reporting agencies, and by failing to

appropriately report the results of their investigations, and by failing to appropriately modify, delete, and/or block the information, in reckless disregard of the statutory requirements, the Plaintiff's dispute, and the recorded discharge.

66.     As a result of Designed Receivable's violations of § 1681s-2(b), Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress.  Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. §§ 1681n and 1681o.

67.     Defendant Designed Receivable's actions and omissions were willful, rendering Designed Receivable liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

68.     Plaintiff is entitled to recover costs and attorney's fees from Defendant Designed Receivable pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT IV

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10) (Designed Receivable Solutions, Inc.)

69.     Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

70. Defendant Designed Receivable's provision of false and/or misleading information in connection with its attempts to collect the alleged debt violated multiple provisions of the FDCPA, including without limitation 15 U.S.C. §§ 1692e, 1692e(2), 1692e(8), and 1692e(10).

71. As a result of Designed Receivable's violations of the FDCPA, Plaintiff has suffered actual damages. Those damages include without limitation: out-of-pocket expenses in challenging the Defendants' wrongful representations, detriment to her credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages under 15 U.S.C. § 1692k.

72. Under 15 U.S.C. § 1692k, Plaintiff is also entitled to recover from Defendant Designed Receivable $1,000 in statutory damages and reasonable attorney's fees and costs.

## COUNT V

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.G.C.A. § 10-1-393(a)
### (Designed Receivable Solutions, Inc.)

73. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

74. The GFPBA directs liberal interpretation and application, as well as harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

75.    Defendant Designed Receivable willfully and/or negligently violated 47 U.S.C. § 227(b)(1)(A)(iii), as set forth above.

76.    The protections of the FDCPA parallel and complement those under the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1)).

77.    O.G.C.A. § 10-1-393(a) broadly prohibits unfair business practices, not limited to the exemplar list in the following subsection.

78.    Defendant Designed Receivable called Plaintiff repeatedly, without consent, for purposes of advertising and/or soliciting.

79.    Defendant Designed Receivable's actions unfairly interfered with Plaintiff's daily life in a manner that she did not invite, disclaimed, and could not reasonably escape.

80.    Upon information and belief, Defendant Designed Receivable regularly uses repeated, unauthorized phone calls in its advertising and/or solicitation efforts.

81.    Defendant Designed Receivable does not maintain a place of business in Georgia and has no assets in Georgia thus relieving the Plaintiff of the Notice and Demand requirement of O.G.C.A. § 10-1-399 (b).

82.    As a result of Defendant Designed Receivable's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to

O.G.C.A. § 10-1-399(a), including consumption of "minutes" and emotional distress in managing the persistent calls.

83.   Defendant Designed Receivable's actions were intentional and/or knowing, rendering it liable for exemplary damages pursuant to O.G.C.A. §§ 10-1-399(a) and (c).

84.   Plaintiff is entitled to recover reasonable attorney's fees and expenses pursuant to O.G.C.A. § 10-1-399(d).

WHEREFORE, Plaintiff prays that judgment be entered against these Defendants for:

    a.) Plaintiff's actual damages;

    b.) Punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n;

    c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

    d.) Statutory damages against Designed Receivable pursuant to 15 U.S.C. § 1692k;

    e.) Reasonable attorney's fees and costs against Designed Receivable pursuant to 15 U.S.C. § 1692k; and

    f.) Such other and further relief as may be just and proper.

Respectfully submitted this 23rd day of March, 2016.

*/s/ Matthew T. Berry*
Plaintiff's Attorney
Matthew T. Berry, Bar No.: 055663
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3334
Fax (404) 235-3333
matt@mattberry.com

*/s/ Paul J. Sieg*
Plaintiff's Attorney
Paul J. Sieg, Bar No.: 334182
Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3305
Fax (404) 235-3333
psieg@mattberry.com